UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SOVEREIGN BANK, for itself and as successor in interest by merger to INDEPENDENCE COMMUNITY BANK,

                Plaintiff,

  -against-

RCI PLUMBING CORP., ROBERT CUCUZZA, RELIABLE PLUMBING & HEATING CORP., STATE OF NEW YORK DEPARTMENT OF TAXATION AND FINANCE, NEW YORK CITY TRANSIT ADJUDICATION BUREAU, NEW YORK CITY PARKING VIOLATIONS BUREAU, NEW YORK CITY DEPARTMENT OF FINANCE, COMMISSIONER OF LABOR STATE OF NEW YORK DEPARTMENT OF LABOR, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, DAVIS & WARSHOW, INC., and JOHN DOES 1-10, inclusive,

                Defendants.
------------------------------------------------------------x
ROBERT CUCUZZA and LISA CUCUZZA,

                Plaintiffs,

    -against-

SOVEREIGN BANK and DAVIS & WARSHOW, INC.

                Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 11-cv-00941 (FB) (MDG)

Case No. 11-cv-02067 (FB) (MDG)
(consolidated)

*Appearances:*
*For Plaintiff Sovereign Bank:*
JONATHAN P. VUOTTO, ESQ.
Riker, Danzig, Scherer, Hyland & Perretti LLP
500 Fifth Avenue, 49th Floor
New York, NY 10110

*For Defendants RCI Plumbing Corp., Robert Cucuzza, Reliable Plumbing & Heating Corp. and Plaintiff Lisa Cucuzza:*
STEPHAN HOLIHAN, ESQ.
Holihan & Associates, P.C.
135-24 Hillside Avenue
Richmond Hill, NY 11418

*For Defendant Davis & Warshow, Inc.:*
MICHELLE CINDY ENGLANDER, ESQ.
Law Firm of Elias C. Schwartz
343 Great Neck Road
Great Neck, NY 11021

**BLOCK, Senior District Judge:**

These two consolidated actions involve debt incurred by Robert Cucuzza ("Cucuzza") and two corporate entities with which he was affiliated, RCI Plumbing Corp. ("RCI") and Reliable Plumbing & Heating Corp. ("Reliable"; the three collectively are "the RCI parties"). In the first action, plaintiff Sovereign Bank ("Sovereign" or "the bank") moves for partial summary judgment on its two foreclosure claims and summary judgment on a note; it also moves to dismiss a counterclaim brought by defendant Davis & Warshow, Inc. ("D&W"). In the second action, Cucuzza and his wife, Lisa Cucuzza (collectively, "the Cucuzzas"), move to remand the case to state court.

For the reasons stated below, Sovereign's motion is granted, and the Cucuzzas' motion for remand is granted.

I.

The following facts are drawn from the parties' summary judgment submissions and are uncontested.

**A. The Federal Claims**

Sovereign seeks to collect on three loans, two of which are secured by mortgages. The first, a credit line extended to Cucuzza, is secured by a mortgage encumbering real property at 553 Lincoln Avenue, on Staten Island (the "Lincoln Avenue mortgage").[1] The second loan was made to RCI, with Cucuzza and Reliable as guarantors.[2] It is secured by a mortgage encumbering real property at 545 Midland Avenue, on Staten Island (the "Midland Avenue mortgage").[3] The third loan was also to RCI, with Cucuzza and Reliable again acting as guarantors. As of December 7, 2010, $1,001,497.74 remained due on that promissory note ("the RCI note").

Sovereign commenced this action on February 25, 2011, seeking judgment in the amount of the RCI note, plus interest and costs; foreclosure of the two mortgages and judgment in the amount left unsatisfied by the sales.[4] The RCI parties do not contest

---

[1] The note was issued by Independence Community Bank, Sovereign's predecessor in interest. As of December 7, 2010, $484,020 remained due.

[2] Sovereign acquired the note and accompanying mortgage by assignment.

[3] As of January 18, 2011, the total due was $549,041.10.

[4] The complaint also sought damages for unjust enrichment, but Sovereign withdrew that claim during oral argument on its motion. Currently before the Court is Sovereign's

3

that the mortgages and note are due and owing. They seek to avoid payment by asserting counterclaims of bad faith negotiation and fraudulent inducement. They also raise defenses: latches, equitable estoppel, detrimental reliance, unclean hands and breach of the implied covenant of good faith and fair dealing.

In addition to the RCI parties, Sovereign named as defendants various entities with potential interest in the subject properties and the RCI parties' assets. One of these defendants is D&W, a plumbing supply company which obtained a judgment in the amount of $443,573.46 against Cucuzza and RCI in New York Supreme Court. D&W has attempted to collect on the judgment by accessing funds the Cucuzzas hold in Sovereign bank accounts. The bank, however, has refused to release any funds to D&W. D&W filed a counterclaim seeking an order directing Sovereign to release $297,527.87 from one of the Cucuzzas' accounts to D&W.

**B. The State Court Action**

On April 19, 2011, the Cucuzzas commenced an action in New York State Supreme Court, Queens County, seeking to enjoin Sovereign and D&W from restraining funds in their Sovereign account. On April 28, 2011, Sovereign removed the action to this Court pursuant to 28 U.S.C. § 1332. The two cases were consolidated on June 29, 2011.

---

motion for partial summary judgment on its foreclosure claims – it seeks power to sell the subject properties – and its motion for judgment in the full amount of the RCI note.

**II.**

**A. The Federal Court Action**

**1. Sovereign's motion for foreclosure and judgment on the note.**

The Court will grant summary judgment where it "determines that there is no genuine issue of material fact to be tried." *Savino v. City of New York*, 331 F.3d 63, 71 (2d Cir. 2003) (citing Fed. R. Civ. P. 56(c)); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial,'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986) (citing *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289 (1968)).

Sovereign has succeeded in making a prima facie showing of its entitlement to summary judgment. *See Wells Fargo Bank Minn., N.A. v. Mastropaolo*, 837 N.Y.S.2d 247, 251 (2d Dep't 2007); *North Fork Bank v. Hamptons Mist Mgt. Corp.*, 639 N.Y.S.2d 452, 453 (2d Dep't 1996).

RCI's first counterclaim is that Sovereign renegotiated the loans in bad faith. It points to no basis, however, for an obligation to renegotiate in good faith. To the extent the counterclaim can be read as alleging negligent or fraudulent misrepresentation, it fails because the RCI parties do not point to any misrepresentations beyond Cucuzza's vague and unsupported assertion that various Sovereign employees "assured [him] that the loans

5

were going to be approved." Cucuzza Aff. ¶4; *see Sheth v. New York Life Ins. Co.*, 709 N.Y.S.2d 74, 75 (1st Dep't 2000) (noting that a misrepresentation of fact is an essential element of a negligent or fraudulent misrepresentation claim). This conclusory statement is insufficient to raise an issue of fact for trial. *See* Fed. R. Civ. P. 9(b) ("[A] party must state with particularity the circumstances constituting fraud or mistake"). Moreover, even if, arguendo, Cucuzza's assertion was more specific, "a disputed, uncorroborated affidavit alleging an agreement to forbear foreclosing a defaulted mortgage is inadequate to withstand a motion for summary judgment." *Citibank, N.A. v. Nyland (CF8) Ltd.*, 878 F.2d 620, 623 (2d Cir. 1989) (quoting *Security Pacific Mortgage & Real Estate Services, Inc. v. Canadian Land Co. of America*, 690 F.Supp. 1214, 1219 (S.D.N.Y. 1988)).

The RCI parties' second counterclaim – that they were fraudulently induced to enter into the loans through Sovereign's material misrepresentations – similarly fails. It requires a "knowingly false representation, intended to deceive, which is justifiably relied upon, causing injury." *HSBC Bank USA Nat. Ass'n v. Strong Steel Door Corp.*, 36 Misc. 3d 1207(A), 7 (N.Y. Sup. Ct. 2012). The RCI parties have not alleged any knowingly false representation on which they could reasonably have relied in obtaining loans from Sovereign.

Nor do any of the RCI parties' defenses raise issues of material fact for trial. First, equitable estoppel and detrimental reliance both require reasonable reliance on a promise or action. *See Leff v. TIAA-CREF Life Ins. Co.*, 915 N.Y.S.2d 558, 560 (1st Dep't

6

2011).  They therefore fail for the same reason the fraudulent inducement counterclaim does.  Second, with respect to Sovereign's alleged breach of the implied covenant of good faith and fair dealing, there is no allegation that it acted in bad faith in the course of performing its contractual obligations, as the claim requires.  *See Dalton v. Educational Testing Service,* 87 N.Y.2d 384, 389 (1995).  While the RCI parties have submitted evidence that Sovereign and Cucuzza discussed the possibility of refinancing or extending the loans, such negotiations "cannot be equated with a promise to finalize an agreement on a restructured mortgage."  *Massachusetts Mut. Life Ins. Co. v Gramercy Twins Assoc.*, 606 N.Y.S.2d 158, 160 (1st Dep't 1993).  Third, the defense of latches is inapplicable, as the essence of a latches claim is a "neglect or omission to assert a right" that prejudices the adverse party.  *In re Barabash's Estate*, 286 N.Y.2d 76, 81 (1972).  Sovereign did not delay in asserting its rights, and the RCI parties do not point to any prejudice.  Finally, the defense of unclean hands cannot succeed in the absence of any allegation that Sovereign has engaged in "immoral, unconscionable conduct[.]"  *National Distillers & Chem. Corp. v Seyopp Corp.*, 17 N.Y.S.2d 12, 15 (1966).

Because the RCI parties have failed to raise an issue of fact for trial, Sovereign's motion for partial summary judgment is granted.

## 2. Sovereign's motion to dismiss D&W's counterclaim

Sovereign moves to dismiss D&W's counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6).  In determining whether a party has failed to state a claim on which relief can be granted, the Court accepts the non-movant's allegations as true and draws all reasonable inferences in its favor.  *See In re Scholastic Corp. Securities Litigation*,

252 F.3d 63, 69 (2d Cir. 2001). D&W alleges that Sovereign is holding accounts owned by the Cucuzzas in the amount of $297,537.87; that D&W has a judgment against the Cucuzzas for $443,573.46; and that Sovereign has refused to release any money to D&W. Accepting these allegations as true, D&W is not entitled to the funds held by Sovereign because the bank may apply the full amount of these funds towards its own debt.

Under section 151 of New York's Debtor and Creditor Law ("DCL"), Sovereign, as a garnishee, has "a right to set off any debt owed to it by a judgment debtor," and this right "is superior to the rights of intervening judgment creditors and may be exercised even after the judgment creditor has undertaken enforcement of his claim against the judgment debtor." *Aspen Indus. v. Marine Midland Bank*, 52 N.Y.2d 575, 582 (1981).[5] Thus, Sovereign has the right to set off the funds in the Cucuzza accounts and apply them towards Cucuzza's loan obligations to Sovereign, which have priority over his debt to D&W. That D&W obtained a judgment and sent Sovereign a restraining notice prior to the setoff is irrelevant, as the statute specifically provides for setoff after the garnishee has

---

[5] Section 151 provides: "Every debtor" – and, for the purpose of this statute, "a bank is a debtor of its depositor," *see Aspen Indus.*, 52 N.Y.2d at 581 n.* – "shall have the right upon . . . the issuance of any execution against any of the property of a creditor; . . . the issuance of a subpoena or order, in supplementary proceedings, against or with respect to any of the property of a creditor; or . . . the issuance of a warrant of attachment against any of the property of a creditor, to set off and apply against any indebtedness, whether matured or unmatured, of such creditor to such debtor, any amount owing from such debtor to such creditor, at or at any time after, the happening of any of the above mentioned events, and the aforesaid right of set off may be exercised . . . by such debtor against such creditor or against any . . . execution, judgment or attachment creditor of such creditor, or against anyone else claiming through or against such creditor . . . or execution, judgment or attachment creditor, notwithstanding the fact that such right of set off shall not have been exercised by such debtor prior to the making, filing or issuance, or service upon such debtor of, or of notice of, any such petition . . . or issuance of execution, subpoena or order or warrant."

notice of additional creditors or "issuance of execution, subpoena or order or warrant." NY DCL § 151; *see also Aspen Indus.*, 52 N.Y.2d at 582 ("[T]he rights conferred under a restraining notice . . . clearly are subject to the superior right of setoff under section 151 of the Debtor and Creditor Law.").

Sovereign has established that the RCI parties owe it over $1 million on the RCI note alone – well in excess of the amount of Cucuzza funds D&W alleges are in Sovereign's possession. As the RCI parties' obligations to Sovereign have priority over the D&W judgment, Sovereign is entitled to apply the Cucuzza funds towards its own debt without relinquishing any to D&W. D&W has therefore failed to state a claim upon which relief can be granted.

**B. The State Court Action**

Sovereign removed the Cucuzzas' action from New York State Supreme Court to this Court on the basis of diversity jurisdiction, which requires that each plaintiff's citizenship be different from each defendant's. *See* 28 U.S.C. § 1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 75-78 (1996). The Cucuzzas seek to remand the action to state court on the grounds that complete diversity is lacking.

It is undisputed that both the Cucuzzas and D&W are citizens of New York, *see* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business"), while Sovereign is a citizen of Pennsylvania, *see Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) ("a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located"). Thus, there is diversity

between the Cucuzzas and Sovereign, but not between the Cucuzzas and D&W. Sovereign argues, however, that the Cucuzzas fraudulently joined D&W to defeat diversity.

Under the doctrine of fraudulent joinder, "courts overlook the presence of a non-diverse defendant if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court." *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004). "The defendant bears the heavy burden of proving this circumstance by clear and convincing evidence, with all factual and legal ambiguities resolved in favor of plaintiff." *Id.*

The defendants have not met this burden. The Cucuzzas' seek to enjoin Sovereign and D&W from setting off or restraining the funds in an account that is "in plaintiffs' names jointly" on the grounds that at least some of the funds belong solely to Lisa Cucuzza, who is not responsible for any of the debt, and on the more general grounds that the defendants "have no legal entitlement" to the set off and restraint. See Cucuzza Compl. ¶¶ 7-10, 16, 19; Holihan Aff. ¶ 4. Under New York law, the Cucuzzas can seek a declaration that at least some portion of the funds are improperly restrained. *See Palestine Monetary Auth. v. Strachman*, 873 N.Y.S.2d 281, 284 (1st Dep't 2009). While their allegations are vague at this juncture, the Cucuzzas may be able to demonstrate in state court that, as stated in their complaint, D&W is not entitled to the restraint.[6]

---

[6] With respect to Sovereign's argument that the Cucuzzas have no viable claim against D&W because Sovereign alone is entitled to the funds, the Cucuzzas allege that neither Sovereign nor D&W can reach the assets in the account. Thus, D&W is properly a party to their action.

The Cucuzzas' request for attorneys' fees and costs under 28 U.S.C. § 1447(c) in connection with the preparation of the motion for remand is denied. Whether to award such fees is a matter within the Court's discretion that "turn[s] on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* Sovereign and D&W may reasonably have hoped that the Cucuzzas would expand on their complaint and explain their claims in greater detail, providing a basis for the Court to determine that D&W was fraudulently joined. Further, given how closely the Cucuzzas' state law claims are related to the federal court action, the desire to have them heard in the same Court is a rational one, and the removal was not merely an attempt to prolong litigation or drive up costs. *See id.* at 140.

## III.

Accordingly, Sovereign's motion for judgment of foreclosure on the two subject properties is granted and its motion to dismiss D&W's counterclaim is granted. Sovereign's motion for judgment in the amount of the note is also granted. The parties shall settle the judgments on 10 days' notice. The Cucuzzas' motion for remand is granted, but their request for attorneys' fees and costs is denied.

**SO ORDERED.**

s/ Judge Frederic Block
_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 23, 2012